UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____

|  |  |  |
|---|---|---|
| Lynn E., by her guardian, | ) | |
| Barry Ellsworth; Kenneth R., | ) | |
| by his guardian, Tri-County CAP, Inc./GS; | ) | |
| Sharon B., by her guardian, Office of | ) | |
| Public Guardian, Inc.; Amanda D., by | ) | |
| her guardian, Louise Dube; Amanda | ) | |
| E., by her guardian, Office of Public | ) | |
| Guardian, Inc.; and Jeffrey D., | ) | |
| on behalf of themselves and all | ) | |
| others similarly situated, | ) | Civ. No. 1:12-cv-00053-LM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John H. Lynch, Governor of the State of | ) | |
| New Hampshire; Nicholas A. Toumpas, | ) | |
| Commissioner, New Hampshire | ) | |
| Department of Health and Human | ) | |
| Services; Nancy L. Rollins, | ) | |
| Associate Commissioner, New Hampshire | ) | |
| Department of Health and Human Services, | ) | |
| Community Based Care Services; | ) | |
| Mary Ann Cooney, | ) | |
| Deputy Commissioner, New Hampshire | ) | |
| Department of Health and Human Services, | ) | |
| Direct Programs/Operations; Erik G. Riera, | ) | |
| Administrator, New Hampshire Bureau of | ) | |
| Behavioral Health, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## ANSWER TO COMPLAINT

Defendants, in their official capacity as state officials or as employees of the New

Hampshire Department of Health and Human Services, and by and through counsel, the New

Hampshire Office of the Attorney General and Sheehan Phinney Bass + Green PA, submit the following Answer to the Complaint filed herein.[1]

1.      The allegations of ¶ 1 are admitted to the extent that the New Hampshire Hospital ("NHH") is a state-operated psychiatric hospital and Glencliff Home ("Glencliff") is a state-operated nursing facility.  The remaining allegations of ¶ 1 are legal arguments and conclusions that do not require a response.  To the extent that a response is required, it is denied that Defendants engage in "the needless institutionalization of adults with serious mental illness."  Further, Defendants deny that they have violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 794 *et seq.*, the Nursing Home Reform Act ("NHRA"), 42 U.S.C. §§ 1396r *et seq.,* and related regulations, or that Plaintiffs are entitled to any of the relief that they request.

2.      The allegations of ¶ 2 are admitted to the extent that Plaintiffs, at this time, are qualified to receive mental health services.  The remaining allegations in ¶ 2 are denied, including the allegation that the Plaintiffs were or are currently "institutionalized" at NHH or Glencliff, or are "at serious risk of being institutionalized" at one of these state-operated facilities.  The allegations of ¶ 2 as to "the plaintiff class" are also denied as there is no plaintiff class in this case; this denial is hereby incorporated into any further paragraphs in the Complaint which refer to "the plaintiff class" or "the class."

3.      The allegations of ¶ 3 are denied, including the allegation that Plaintiffs were or are "institutionalized" at NHH or Glencliff.

---

[1] Plaintiffs have organized their complaint using descriptive sections throughout their pleading such as I. Introduction, II. Jurisdiction and Venue, III. The Parties and so on.  Defendants view the descriptors as just that -- descriptors, which do not require a response.  To the extent these descriptors allege fact, they are denied.

4.      The allegations of ¶ 4 are denied, including the allegation that Plaintiffs were or are "institutionalized" at NHH or Glencliff, or are "at serious risk of being institutionalized" at NHH or Glencliff.

5.      The allegations of ¶ 5 are admitted to the extent that the State of New Hampshire successfully serves each Plaintiff in an appropriately integrated setting.  The remaining allegations of ¶ 5 are denied, including the allegation that Plaintiffs are "institutionalized" at NHH or Glencliff, and the implications that each Plaintiff is similarly situated, and that successful treatment is necessarily a community setting.

6.      The allegations of ¶ 6 are admitted to the extent that a report referred to as A Strategy for Restoration II was written and the document speaks for itself.  The remaining allegations of ¶ 6 are denied, including Plaintiffs' characterization of the A Strategy for Restoration II report.

7.      The allegations of ¶ 7 are admitted to the extent that the reports identified in ¶ 7 were written and those documents speak for themselves.  The remaining allegations of ¶ 7 are denied, including Plaintiffs' characterizations of the identified reports, and the allegation that the State was or is "institutionalizing" Plaintiffs.

8.      The allegations of ¶ 8 are admitted to the extent that the ADA and the Rehabilitation Act mandate an end to discrimination against persons with disabilities.  The remaining allegations of ¶ 8 are denied, including the allegation that Plaintiffs are "institutionaliz[ed]" at NHH or Glencliff.

9.      The allegations of ¶ 9 are admitted to the extent that through this action, Plaintiffs purport to seek declaratory and injunctive relief against the State, and an order from this Court directing the State to expand community services.  The remaining allegations of ¶ 9

are denied, including the allegation that Plaintiffs were or are "institutionaliz[ed]" at NHH or Glencliff.

10.     The allegations of ¶ 10 are jurisdictional and require no response.  To the extent that facts are alleged in ¶ 10, they are denied.

11.     The allegations of ¶ 11 are jurisdictional and require no response.  To the extent that facts are alleged in ¶ 11, they are denied.

12.     The allegations of ¶ 12 regard venue and require no response.  To the extent that facts are alleged in ¶ 12, they are denied.

13.     The allegations in the first sentence of ¶ 13 are admitted to the extent that Lynn E. is a 54-year old woman currently at NHH, but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence, and therefore they are denied.  The allegations in the second sentence of ¶ 13 are Plaintiffs' description of their own claims and require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of ¶ 13, and therefore they are denied.

14.     The allegations in the first sentence of ¶ 14 are admitted.  The allegations in the second sentence of ¶ 14 are Plaintiffs' description of their own claims and require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of ¶ 14, and therefore they are denied.

15.     The allegations in the first sentence of ¶ 15 are admitted.  The allegations in the second sentence of ¶ 15 are Plaintiffs' description of their own claims and require no response.  To the extent a response is required, Defendants lack knowledge or information

sufficient to form a belief about the truth of the allegations in the second sentence of ¶ 15, and therefore they are denied.

16.     The allegations in the first sentence of ¶ 16 are admitted to the extent that Amanda D. is a 22-year old woman, but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence, and therefore they are denied.  The allegations in the second sentence of ¶ 16 are Plaintiffs' description of their own claims and require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of ¶ 16, and therefore they are denied.

17.      The allegations in the first sentence of ¶ 17 are admitted.  The allegations in the second sentence of ¶ 17 are Plaintiffs' description of their own claims and require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of ¶ 17, and therefore they are denied.

18.     The allegations of ¶ 18 are admitted to the extent that Jeffrey D. is a 45-year-old man, but Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of ¶ 18, and therefore they are denied.

19.     The allegations in the first sentence of ¶ 19 are admitted to the extent that the Governor is John H. Lynch and that the Governor is the supreme executive magistrate of the State of New Hampshire whose powers and duties are articulated in the New Hampshire Constitution at Part II, Article 41, and the laws of the State of New Hampshire.  The allegations in the second sentence of ¶ 19 are admitted to the extent that Governor Lynch is responsible for directing, supervising and controlling the executive departments of state

government, and seeking and expending funds from the legislature to implement the programs and deliver the services of those executive agencies, in conjunction with the New Hampshire Constitution and all laws relating to the Governor's responsibilities. The allegations in the third sentence of ¶ 19 are admitted, except that Defendants deny that Governor John H. Lynch appoints the Commissioner of the New Hampshire Department of Health and Human Services ("DHHS"). By way of further answer, Governor John H. Lynch nominates the Commissioner of DHHS but the Governor and the Executive Council must jointly appoint the Commissioner of DHHS. The allegations in the fourth sentence of ¶ 19 are Plaintiffs' description of their own claims and require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of ¶ 19, and therefore they are denied. By way of further answer, to the extent that the allegations of ¶ 19 are inconsistent with the New Hampshire Constitution and the laws of the State of New Hampshire, they are denied.

20.     The allegations in the first sentence of ¶ 20 are admitted. The allegations in the second sentence of ¶ 20 are admitted to the extent that DHHS is New Hampshire's single state Medicaid agency responsible for receiving federal funding under the Medicaid Act and ensuring that the State complies with all applicable provisions, but the remaining allegations of the second sentence are denied. The allegations in the third sentence of ¶ 20 are admitted. The allegations in the fourth sentence of ¶ 20 are admitted to the extent that Defendant Toumpas' responsibilities include overseeing NHH and Glencliff. By way of further answer, RSA 135-C(I)(a) states that the commissioner shall "[e]stablish, maintain and coordinate a comprehensive, effective and efficient system of services for persons with mental illness." The remaining allegations in the fourth sentence of ¶ 20 are denied, including the implication

that community-based systems necessarily provide the most appropriate care for individuals with severe mental illness.  The allegations in the fifth sentence of ¶ 20 are admitted to the extent that the current community-based system includes CMHCs, but the remaining allegations in the fifth sentence are denied.  The allegations in the sixth sentence of ¶ 20 are admitted to the extent that each CMHC has a contract with DHHS to provide an array of mental health services to individuals with severe mental illness, but the remaining allegations in the sixth sentence are denied.  The allegations in the seventh sentence of ¶ 20 are Plaintiffs' description of their own claims and require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the seventh sentence of ¶ 20, and therefore they are denied.  By way of further answer, to the extent that the allegations of ¶ 20 are inconsistent with the New Hampshire Constitution and the laws of the State of New Hampshire, they are denied.

21.     The allegations in the first, second, third and fourth sentences of ¶ 21 are admitted.  The allegations in the fifth sentence of ¶ 21 are denied.  By way of further Answer, Defendant Rollins' responsibilities are spelled out in the PASRR requirements themself.  By way of further answer, to the extent that the allegations of ¶ 21 are inconsistent with the New Hampshire Constitution and the laws of the State of New Hampshire, they are denied.

22.     The allegations in the first sentence of ¶ 22 are admitted.  The allegations in the second sentence of ¶ 22 are admitted to the extent that Defendant Cooney has supervisory responsibility for Glencliff operations and management, but the remaining allegations of ¶ 22 are denied.  By way of further answer, to the extent that the allegations of ¶ 22 are inconsistent with the New Hampshire Constitution and the laws of the State of New Hampshire, they are denied.

23.     The allegations of ¶ 23 are admitted to the extent that Erik G. Riera is the Administrator of the Bureau of Behavioral Health ("BBH") and that BBH is New Hampshire's designated State Mental Health Authority.  It is further admitted that, as the State Mental Health Authority, BBH funds in part and regulates each of the 10 Community Mental Health Centers ("CMHCs").  The remaining allegations of ¶ 23 are denied.  By way of further answer, to the extent that the allegations of ¶ 23 are inconsistent with the New Hampshire Constitution and the laws of the State of New Hampshire, they are denied.

24.     The allegations of ¶ 24 are legal arguments and conclusions that do not require a response.  To the extent that facts are alleged in ¶ 24, they are denied, except that it is admitted that Defendants follow the laws cited in ¶ 24 concerning persons with severe mental illness.  By way of further answer, to the extent that the allegations of ¶ 24 are inconsistent with the New Hampshire Constitution and the laws of the State of New Hampshire, they are denied.

25.     The allegations of ¶ 25 are legal arguments and conclusions that do not require a response.  To the extent that facts are alleged in ¶ 25, they are admitted to the extent that Plaintiffs seek declaratory and injunctive relief in this case.  The remaining allegations of ¶ 25 are denied, including the allegation that any person was or is "institutionaliz[ed]" at NHH or Glencliff, or is "at serious risk of being institutionalized" at NHH or Glencliff.

26.     The allegations of ¶ 26 are legal arguments and conclusions that do not require a response.  To the extent that facts are alleged in ¶ 26, they are denied, including the allegation that any person was or is "at serious risk of institutionalization at NHH."  By way of further answer, Defendants deny that there is any legal basis to justify class certification.

27.    The allegations of ¶ 27 are denied, including the allegations that persons "cycle in and out of NHH" and that any person was or is "institutionaliz[ed]" at NHH or Glencliff.

28.    The allegations of ¶ 28, including subparagraphs a through e, are legal arguments and conclusions that do not require a response.  To the extent that facts are alleged in ¶ 28, they are denied, including the allegation that Plaintiffs are "institutionaliz[ed]" at NHH or Glencliff.  By way of further answer, Defendants deny that there is any legal basis to justify class certification.

29.    The allegations of ¶ 29 are legal arguments and conclusions that do not require a response.  To the extent that facts are alleged in ¶ 29, they are denied.  By way of further answer, Defendants deny that there is any legal basis to justify class certification.

30.    The allegations of ¶ 30 are admitted to the extent that Plaintiffs seek certification pursuant to Fed. R. Civ. P. 23(b)(2).  The remaining allegations of ¶ 30 are denied, including the allegation that any person was or is "institutionaliz[ed]" at NHH or Glencliff.  By way of further answer, Defendants deny that there is any legal basis to justify class certification.

31.    The allegations of ¶ 31 are legal arguments and conclusions that do not require a response.  Further answering, the cited statute speaks for itself.  Any remaining factual allegations in ¶ 31 are denied.

32.    The allegations of ¶ 32 are legal arguments and conclusions that do not require a response.  Further answering, the cited statute speaks for itself.  Any remaining factual allegations in ¶ 32 are denied.

33.      The allegations of ¶ 33 are legal arguments and conclusions that do not require a response.  Further answering, the cited statute and case law speak for themselves.  Any remaining factual allegations in ¶ 33 are denied.

34.      The allegations of ¶ 34 are legal arguments and conclusions that do not require a response.  Further answering, the cited regulations speak for themselves.  Any remaining factual allegations in ¶ 34 are denied.

35.      The allegations of ¶ 35 are legal arguments and conclusions that do not require a response.  Further answering, the cited regulation speaks for itself.  Any remaining factual allegations in ¶ 35 are denied.

36.      The allegations of ¶ 36 are legal arguments and conclusions that do not require a response.  Further answering, the cited regulation speaks for itself.  Any remaining factual allegations in ¶ 36 are denied.

37.      The allegations of ¶ 37 are legal arguments and conclusions that do not require a response.  Further answering, the cited statute and regulations speak for themselves.  Any remaining factual allegations in ¶ 37 are denied.

38.       The allegations of ¶ 38 are legal arguments and conclusions that do not require a response.  Further answering, the cited statute speaks for itself.  Any remaining factual allegations in ¶ 38 are denied.

39.      The allegations of ¶ 39 are legal arguments and conclusions that do not require a response.  Further answering, the cited regulation speaks for itself.  Any remaining factual allegations in ¶ 39 are denied.

40.      The allegations of ¶ 40 are legal arguments and conclusions that do not require a response.  Further answering, the cited regulation speaks for itself.  Any remaining factual

allegations in ¶ 40 are denied, including the allegation that persons were or are

"institutionaliz[ed]" at Glencliff.

      41.     No answer is required because ¶ 41 is vague.  To the extent that a response is

required, the allegations of ¶ 41 are broad, general statements more suited to argument and are

therefore denied.

      42.     No answer is required because ¶ 42 is vague.  To the extent that a response is

required, the allegations of ¶ 42 are broad, general statements more suited to argument and are

therefore denied.

      43.     No answer is required because ¶ 43 is vague.  To the extent that a response is

required, the allegations of ¶ 43 are admitted to the extent that the reports identified in ¶ 43

were written and those documents speak for themselves.  The remaining allegations of ¶ 43

are broad, general statements more suited to argument and are therefore denied.

      44.     The allegations of ¶ 44 are broad, general statements more suited to argument

and do not require a response.  To the extent that a response is required, Defendants admit that

mobile crisis service is an intervention strategy sometimes used by mental health

professionals, but not universally used.  The remaining allegations of ¶ 44 are denied.

      45.     The allegations of ¶ 45 are broad, general statements more suited to argument

and do not require a response.  To the extent that a response is required, Defendants admit that

assertive community treatment teams ("ACT teams") are an intervention used to provide

services to individuals with mental illness.  Defendants further admit that ACT teams consist

of a number of multidisciplinary professionals who provide outreach, case management,

medication management, and psychosocial rehabilitation and that they provide services in

homes and other community settings.  Defendants further admit that ACT teams can be a

proven method of intervention for some individuals.  However, Defendants do not admit to any particular composition of required professionals on an ACT team.  The remaining allegations of ¶ 45 are denied.

46.     The allegations of ¶ 46 are broad, general statements more suited to argument and do not require a response.  To the extent that a response is required, Defendants admit that supportive housing is a type of treatment intervention which provides support to individuals with mental illness and that assists them to live in the community.  Defendants further admit that individuals in supportive housing may live alone or with others as they so choose.  The remaining allegations of ¶ 46 are denied.

47.     The allegations of ¶ 47 are broad, general statements more suited to argument and do not require a response.  To the extent that a response is required, Defendants admit that supported employment assists some individuals with mental illness to find and maintain employment in the community.  The remaining allegations of ¶ 47 are denied.

48.     The allegations of ¶ 48 are vague, legal arguments and conclusions that do not require a response.  To the extent that facts are alleged in ¶ 48, Defendants admit that a report referred to as the Wheelock-Nardi report was written and the document speaks for itself.  To the extent that other facts are alleged in ¶ 48, they are denied.  By way of further answer, Defendants assert that the State serves people with mental illness in the community whenever appropriate.

49.     The allegations of ¶ 49 are admitted to the extent that a report referred to as the Wheelock-Nardi report was written and the document speaks for itself.  The remaining allegations of ¶ 49 are legal arguments and conclusions that do not require a response.  To the extent that other facts are alleged in ¶ 49, they are denied.

50.     The allegations of ¶ 50 are admitted to the extent that a report referred to as the Wheelock-Nardi report was written and the document speaks for itself.  Further answering, the cited statute and regulations speak for themselves.  The remaining allegations of ¶ 50 are legal arguments and conclusions that do not require a response.  To the extent that other facts are alleged in ¶ 50, they are denied.

51.     The allegations in the first sentence of ¶ 51 are vague, broad, general statements more suited to argument and do not require a response.  To the extent that facts are alleged in the first sentence, they are denied.  The allegations in the second sentence of ¶ 51 are vague as to the reference to time and therefore no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief about the accuracy of the allegations in the second sentence, and therefore they are denied.

52.     The allegations of ¶ 52 are admitted to the extent that the approximate numbers included in the third sentence of ¶ 52 are accurate as approximations, but Defendants assert that these numbers and the conclusion included in the second sentence are taken out of context and are therefore designed to mislead.  The remaining allegations of ¶ 52 are denied, including the implication that persons were or are "institutionaliz[ed]" at NHH or Glencliff.

53.     The allegations of ¶ 53 are admitted to the extent that a report referred to as the Task Force Report was written and the document speaks for itself.  The remaining allegations of ¶ 53 are denied, including Plaintiffs' characterization of the Task Force Report.

54.     The allegations of ¶ 54 are admitted to the extent that a report referred to as the Task Force Report was written and the document speaks for itself.  The remaining allegations of ¶ 54 are denied, including Plaintiffs' characterization of the Task Force Report and the allegation that persons were or are "institutionalized at NHH."

55.    The allegations of ¶ 55 are admitted to the extent that the Fulfilling the Promise: Transforming New Hampshire's Mental Health System (2007) Report was written and the document speaks for itself.  The remaining allegations of ¶ 55 are denied, including Plaintiffs' characterization of the Fulfilling the Promise: Transforming New Hampshire's Mental Health System (2007) Report.

56.    The allegations of ¶ 56 are admitted to the extent that Addressing the Critical Mental Health Needs of NH's Citizens, A Strategy for Restoration, commonly referred to as the "10-Year Plan," was written and the document speaks for itself.  The remaining allegations of ¶ 56 are denied, including Plaintiffs' characterization of the 10-Year-Plan and the allegation that persons were or are "institutionaliz[ed]" at NHH or Glencliff.

57.     The allegations of ¶ 57 are admitted to the extent that Commissioner Toumpas stated the quoted text in a press release, but Defendants further answer that this statement was taken out of context.  The remaining allegations of ¶ 57 are denied.

58.    The allegations of ¶ 58 are denied, including the allegation that persons were or are "institutionaliz[ed]" at NHH or Glencliff.

59.    The allegations of ¶ 59 are admitted to the extent that there are ten regional CMHCs charged with providing community services to individuals with mental illness.  The remaining allegations of ¶ 59 are denied, including the allegation that Plaintiffs were or are "institutionaliz[ed]" at NHH or Glencliff.

60.    The allegations in the second sentence of ¶ 60 are admitted to the extent that half of New Hampshire's CMHC regions have no ACT teams.  The remaining allegations of ¶ 60 are denied, including the allegation that Plaintiffs were or are "institutionalized" or "segregated" at NHH or Glencliff.

14

61.     The allegations of ¶ 61 are denied, including the allegation that Plaintiffs were or are "institutionalized" at NHH or Glencliff.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of ¶ 62 because Plaintiffs fail to identify the particular data upon which they base their assertions.  The remaining allegations of ¶ 62 are denied, including the allegation that persons were or are "institutionalized at NHH."

63.     The allegations in the first sentence of ¶ 63 are admitted to the extent that there were over 1,800 adult admissions to NHH in 2010, but the remaining allegations in the first sentence are denied.  The allegations in the second sentence of ¶ 63 are admitted to the extent that over 17 percent of adults discharged from NHH in 2010 were readmitted within 30 days of discharge, but the remaining allegations in the second sentence are denied.  The remaining allegations of ¶ 63 are denied.

64.     The allegations of ¶ 64 are admitted to the extent that Glencliff is an 120-bed, state-operated nursing facility located in Benton, New Hampshire.  The remaining allegations of ¶ 64 are denied, including the allegation that persons were or are "institutionalized" at Glencliff.

65.     The allegations in the first sentence of ¶ 65 are denied.  The allegations in the second and third sentences of ¶ 65 are admitted.  The allegations in the fourth sentence of ¶ 65 are vague as to the reference to time and therefore no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief about the accuracy of the allegations in the fourth sentence, and therefore they are denied.  By

15

way of further answer, Defendants assert that the conclusion included in the fourth sentence is taken out of context and is therefore designed to mislead.

66.     The allegations in the first sentence of ¶ 66 are vague and ambiguous and are therefore denied.  Defendants lack knowledge or information sufficient to form a belief about the accuracy of the allegations in the second and third sentences of ¶ 66, and therefore they are denied.  By way of further answer, Defendants assert that a substantial portion of the individuals living at Glencliff want to remain at Glencliff.

67.     The allegations in the first sentence of ¶ 67 are vague as to the reference to time and source of the information, and are therefore denied.  The allegations of the second and third sentences of ¶ 67 are admitted to the extent that the 10-Year-Plan was written and the document speaks for itself, but the remaining allegations in the second and third sentences are denied, including Plaintiffs' characterization of the 10-Year-Plan.  By way of further answer, Defendants admit that some Glencliff residents are transferred from NHH and from other settings such as private homes and other nursing homes.  The remaining allegations of ¶ 67 are denied.

68.     The allegations in the first sentence of ¶ 68 are denied.  The allegations in the second sentence of ¶ 68 are admitted to the extent that the listed conditions may be treated in the community and that there are individuals at Glencliff who have these conditions in addition to mental illness, but Defendants deny the allegations to the extent that they imply that individuals at Glencliff are more appropriately treated in the community.  Defendants lack knowledge or information sufficient to form a belief about the accuracy of the allegations in the third sentence of ¶ 68.

69.    The allegations in the first sentence of ¶ 69 are admitted to the extent that Glencliff residents are transferred from other nursing homes and community settings.  The allegations in the second sentence of ¶ 69 are admitted to the extent that behaviors related to mental illness are a factor in the decision to admit individuals to Glencliff.  The remaining allegations of ¶ 69 are denied.

70.    The allegations of ¶ 70 are admitted to the extent that the United States Department of Justice's ("USDOJ") April 7, 2011 letter was written and the document speaks for itself.  The remaining allegations of ¶ 70 are denied, including Plaintiffs' characterization of the USDOJ's April 7, 2011 letter and the allegations that the State has violated or is violating the law.

71.    The allegations of ¶ 71 are legal arguments and conclusions that do not require a response.  To the extent that facts are alleged in ¶ 71, they are denied.

72.    The allegations of ¶ 72 are legal arguments and conclusions that do not require a response.  To the extent that facts are alleged in ¶ 72, they are admitted.

73.    The allegations of ¶ 73 are denied, including the allegation that persons were or are "institutionalized at Glencliff."

74.    The allegations of ¶ 74 are denied.

75.    The allegations of ¶ 75 are denied.

76.    The allegations in the first and second sentences of ¶ 76 are admitted.  The allegations in the third sentence of ¶ 76 are Plaintiffs' description of their own claims and require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of ¶ 76, and therefore they are denied.

77.     The allegations in the second and fourth sentences of ¶ 77 are admitted.  The allegations in the first sentence of ¶ 77 are admitted to the extent that Lynn E. was born and raised in Cambridge, Massachusetts, but Defendants deny that Lynn E. is the second of four children.  The allegations in the third sentence of ¶ 77 are admitted to the extent that Lynn E. has three children, but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the third sentence, and therefore they are denied.  The allegations in the fifth sentence of ¶ 77 are admitted to the extent that Lynn E. worked for nursing homes and agencies as a Licensed Nursing Assistant, but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the fifth sentence, and therefore they are denied.

78.     The allegations in the first sentence of ¶ 78 are admitted to the extent that Lynn E. has severe mental illness.  The allegations in the second sentence of ¶ 78 are admitted to the extent that Lynn E. has diagnoses of schizoaffective disorder, bipolar type, with psychosis. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of ¶ 78, and therefore they are denied.  The allegations in the fourth sentence of ¶ 78 are admitted to the extent that Lynn E. has been hospitalized 6 times at NHH, but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the fourth sentence, and therefore they are denied.  By way of further answering, Defendants also object to the characterization that Lynn E. has been "institutionalized" at NHH.  The allegations in the fifth sentence of ¶ 78 are admitted to the extent that Lynn E. was admitted to NHH on April 4, 2011, from an emergency room, but Defendants lack knowledge or information sufficient to form a belief about the truth of the

remaining allegations in the fifth sentence, and therefore they are denied.  The allegations in the sixth sentence of ¶ 78 are admitted.

79.     The allegations in the first sentence of ¶ 79 are admitted to the extent that Lynn E. received community-based mental health services from the Center for Life Management in Derry, New Hampshire, but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence, and therefore they are denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second, third and fourth sentences of ¶ 79, and therefore they are denied.  The allegations in the fifth sentence of ¶ 79 are admitted to the extent that Lynn E. receives both case management and medication management from the Center for Life Management, but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the fifth sentence, and therefore they are denied.  The allegations in the sixth sentence of ¶ 79 are admitted to the extent that Lynn E. was first admitted to NHH in 2008, but the remaining allegations in the sixth sentence are denied, including the allegation that Lynn. E. was or is "institutionaliz[ed]" at NHH.

80.     The allegations of ¶ 80 are denied.

81.     The allegations in the first sentence of ¶ 81 are admitted.  The allegations in the second sentence of ¶ 81 are Plaintiffs' description of their own claims and require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of ¶ 81, and therefore they are denied.

82.     The allegations of ¶ 82 are admitted to the extent that Ken R. was born in Massachusetts, has four siblings and five children, likes gardening and weightlifting, and

spends time in the game room listening to music.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of ¶ 82, and therefore they are denied.

83.     The allegations in the first, second and fourth sentences of ¶ 83 are admitted. Defendants lack knowledge or information sufficient to form a belief about the accuracy of the allegations in the third sentence of ¶ 83, and therefore they are denied.

84.     The allegations of ¶ 84 are admitted to the extent that Ken R. has participated in wheelchair racing.  Defendants lack knowledge or information sufficient to form a belief about the accuracy of the remaining allegations of ¶ 84, and therefore they are denied.

85.     The allegations in the first and second sentences of ¶ 85 are admitted.  The allegations in the third sentence of ¶ 85 are admitted to the extent that Ken R. was transferred from NHH to Glencliff in 2005.  By way of further answer, Defendants admit that Ken has now been at Glencliff for 7 years and denies all remaining allegations of ¶ 85.

86.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second and fourth sentences of ¶ 86, and therefore they are denied.  The allegations in the third sentence of ¶ 86 are admitted.  The remaining allegations of ¶ 86 are denied, including the allegation that Ken R. was or is "institutionalized" at Glencliff.

87.     The allegations in the first sentence of ¶ 87 are admitted.  The allegations in the second sentence of ¶ 87 are Plaintiffs' description of their own claims and require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of ¶ 87, and therefore they are denied.

88.     The allegations of ¶ 88 are admitted to the extent that Sharon B. was born in Dover, New Hampshire, is divorced, has two grown sons and enjoys reading, listening to the radio, art and gardening.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of ¶ 88, and therefore they are denied.

89.     The allegations in the first, second, third and fourth sentences ¶ 89 are admitted except that Defendants deny that Sharon B. was "institutionalized," as alleged in the fourth sentence of ¶ 89.  Defendants lack knowledge or information sufficient to form a belief about the accuracy of the remaining allegations of ¶ 89, and therefore they are denied.

90.     The allegations in the first and third sentences of ¶ 90 are admitted.  The allegations in the second sentence of ¶ 90 are denied, except that Defendants admit that Sharon B. lived in apartments.  Defendants lack knowledge or information sufficient to form a belief about the accuracy of the allegations in the fourth sentence of ¶ 90, and therefore they are denied.

91.     The allegations of ¶ 91 are denied, including the allegation that Sharon B. was or is "institutionalized" at Glencliff.

92.     The allegations in the first sentence of ¶ 92 are admitted.  The allegations in the second sentence of ¶ 92 are Plaintiffs' description of their own claims and require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of ¶ 92, and therefore they are denied.

93.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 93, and therefore they are denied.

94.     The allegations in the first sentence of ¶ 94 are admitted.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of ¶ 94, and therefore they are denied.

95.     The allegations in the first sentence of ¶ 95 are admitted.  The allegations in the second sentence of ¶ 95 are admitted to the extent that Amanda D. was previously hospitalized, but the remaining allegations in the second sentence are denied, including the characterization that Amanda D. experienced a "cycle" of hospital admissions.  The allegations of the third sentence of ¶ 95 are admitted to the extent that Amanda D. was previously hospitalized, but Defendants lack information or knowledge sufficient to form a belief about the truth of the remaining allegations in the third sentence, and therefore they are denied.  The allegations in the fourth sentence of ¶ 95 are admitted to the extent that Amanda D. was previously hospitalized, but the remaining allegations in the fourth sentence are denied, including the allegation that Amanda D. "endured" certain hospitalizations.  The allegation in the fifth sentence of ¶ 95 that Amanda D. is "at serious risk of institutionalization" is denied, and Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the fifth sentence, and therefore they are denied.

96.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of ¶ 96, and therefore they are denied. The remaining allegations of ¶ 96 are denied.

97.     The allegations in the first sentence of ¶ 97 are admitted.  The remaining allegations of ¶ 97 are denied, including the characterization that Amanda D. is experiencing "ongoing and serious risk of unnecessary institutionalization."

22

98.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and third sentences of ¶ 98, and therefore are denied.  The remaining allegations of ¶ 98 are denied.

99.     The allegations of ¶ 99 are denied.

100.    The allegations in the first sentence of ¶ 100 are admitted.   The allegations in the second sentence of ¶ 100 are Plaintiffs' description of their own claims and require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of ¶ 100, and therefore they are denied.

101.    The allegations of ¶ 101 are admitted to the extent that Amanda E. was in foster care and then placed with adoptive parents and had multiple hospitalizations for suicidal ideation.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of ¶ 101, and therefore they are denied.

102.    The allegations in the first sentence of ¶ 102 are admitted to the extent that Amanda E. has been diagnosed with post-traumatic stress disorder, poly-substance abuse, borderline personality disorder and seizures, but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence, and therefore they are denied.  The allegations in the second and third sentences of ¶ 102 are admitted.  The remaining allegations of ¶ 102 are denied, including the allegation that Amanda E. was or is "institutionaliz[ed]" at NHH.

103.    The allegations in the first, second, third, and fifth sentences of ¶ 103 are admitted.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of ¶ 103, and therefore they are denied.  The

characterization in the sixth sentence of ¶ 103 that Amanda E. is "at serious risk of

institutionalization" is denied, and Defendants lack knowledge or information sufficient to

form a belief about the truth of the remaining allegations in the sixth sentence of ¶ 103, and

therefore they are denied.  Defendants lack knowledge or information sufficient to form a

belief about the truth of the allegations in the seventh sentence of ¶ 103, and therefore they are

denied.

      104.    The allegations of ¶ 104 are denied.

      105.    The allegations of ¶ 105 are admitted to the extent that Jeff D. is a 45-year-old

man, but Defendants lack knowledge or information sufficient to form a belief about the truth

of the remaining allegations in ¶ 105, and therefore they are denied.

      106.    The allegations in the first sentence of ¶ 106 are admitted to the extent that Jeff

D. was born and raised in Connecticut, but Defendants deny that he was the third of four

children.  The allegations in the second sentence of ¶ 106 are admitted to the extent that Jeff

D. obtained his high school diploma and moved to the Seacoast region of New Hampshire,

but Defendants lack knowledge or information sufficient to form a belief about the truth of the

remaining allegations in the second sentence, and therefore they are denied.  The allegations

in the third sentence of ¶ 106 are admitted.

      107.    The allegations in the first sentence of ¶ 107 are admitted to the extent that Jeff

D. is a carpenter, but Defendants lack knowledge or information sufficient to form a belief

about the truth of the remaining allegations in the first sentence, and therefore they are denied.

Defendants lack knowledge or information sufficient to form a belief about the truth of the

allegations in the second sentence of ¶ 107, and therefore they are denied.  The allegations in

the third sentence of ¶ 107 are denied.

108.     The allegations in the first, second and fourth sentences of ¶ 108 are admitted. The allegations in the third sentence of ¶ 108 are admitted to the extent that Jeff D. was previously hospitalized at NHH from September 2009 through August 2011, but the remaining allegations are denied, including the characterization that Jeff D. was "confined."

109.     The allegations of ¶ 109 are denied.

110.     Defendants deny that "Jeff languished at NHH," but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence, and therefore they are denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and fourth sentences of ¶ 110, and therefore they are denied.  The allegation in the third sentence of ¶ 110 that Jeff D. experienced "institutionalization" is denied, and Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of ¶ 110, and therefore they are denied.

111.     The allegations of ¶ 111 are denied.

112.     The allegations of ¶ 112 are denied, including the characterization that Plaintiffs have been or are subjected to "institutionalization and segregation."

113.     Defendants repeat and incorporate by reference their responses to ¶¶ 1 through 112 as though fully set forth herein.

114.     The allegations of ¶ 114 are denied.

115.     The allegations of ¶ 115 are denied.

116.     The allegations of ¶ 116 are denied.

117.     The allegations of ¶ 117 are denied, including the allegation that persons were or are "institutionalize[d]" at NHH or Glencliff.

25

118.    The allegations of ¶ 118 are denied.

119.    The allegations of ¶ 119 are denied, including the allegation that Plaintiffs were or are "institutionalize[d]" at NHH or Glencliff.

120.    The allegations of ¶ 120 are denied, including the allegation that Plaintiffs were or are "institutionalize[d]" at NHH or Glencliff.

121.    The allegations of ¶ 121 are denied.

122.    Defendants repeat and incorporate by reference their responses to ¶¶ 1 through 121 as though fully set forth herein.

123.    The allegations of ¶ 123 are denied.

124.    The allegations of ¶ 124 are admitted to the extent that DHHS is a state agency that receives federal financial assistance for certain of its programs and activities.

125.    The allegations of ¶ 125 are denied, including the allegation that persons were or are "institutionalize[d]" at NHH or Glencliff.

126.    The allegations of ¶ 126 are denied.

127.    The allegations of ¶ 127 are denied, including the allegation that Plaintiffs were or are "institutionaliz[ed]" at NHH or Glencliff.

128.    The allegations of ¶ 128 are denied, including the allegation that Plaintiffs were or are "institutionaliz[ed] and segregate[ed]" at NHH or Glencliff.

129.    The allegations of ¶ 129 are denied.

130.    The allegations of ¶ 130 are denied.

131.    The allegations of ¶ 131 are denied.

## ADDITIONAL DEFENSES

Defendants specifically incorporate the arguments and defenses raised in their objection to the motion for preliminary injunction and in their motion to dismiss.  In addition to those defenses, Defendants assert the following additional defenses:

### FIRST DEFENSE

The complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs lack standing.

### THIRD DEFENSE

The complaint must be dismissed, in whole or in part, because the relief Plaintiffs seek in attempting to force Defendants to provide additional community-based services would not be a reasonable modification, would constitute an undue financial or administrative burden, and would constitute a fundamental alteration of Defendants' programs, services and/or activities.

### FOURTH DEFENSE

The injuries allegedly sustained by Plaintiffs in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct these Defendants are not responsible.

### FIFTH DEFENSE

Some or all of Defendants, in whole or in part, had no involvement in the events which are alleged to have caused Plaintiffs' injuries.

### SIXTH DEFENSE

The alleged conduct was properly within the discretionary authority committed to

Defendants to perform their official functions, and the relief prayed for would constitute an improper intrusion into said discretional authority.

## SEVENTH DEFENSE

Principles of comity bar Plaintiffs' claims, in whole or in part, against Defendants.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Eleventh Amendment of the United States Constitution.

## NINTH DEFENSE

Plaintiffs' complaint is barred, in whole or in part, by the applicable statute of limitations.

## TENTH DEFENSE

Defendants' treating professionals have exercised professional judgment and have not substantially departed from professionally accepted standards in rendering care, treatment and training to Plaintiffs.

## ELEVENTH DEFENSE

Defendants' obligations to the putative class have been substantially performed in accordance with existing law.

## TWELFTH DEFENSE

None of Plaintiffs or putative class have suffered an actual or threatened injury caused by and resulting from the allegedly illegal conduct of Defendants.

## THIRTEENTH DEFENSE

The State of New Hampshire has passed all surveys by the Centers for Medicare and Medicaid Services ("CMS"), remained eligible for federal financial participation, and substantially complied with all applicable federal regulations. The State meets or exceeds all

accepted professional standards.

### FOURTEENTH DEFENSE

Defendants are entitled to qualified immunity.

### FIFTEENTH DEFENSE

Defendants are entitled to sovereign immunity.

### SIXTEENTH DEFENSE

Some or all of Defendants, including Governor John Lynch, do not control the care and services at issue and, therefore, are not proper parties in this litigation.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of mootness.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are not ripe for adjudication.

### NINETEENTH DEFENSE

The cited administrative regulations issued by the United States Department of Justice were issued without the requisite statutory or constitutional authority.

### TWENTIETH DEFENSE

This Court should abstain from deciding this case under the principles of Burford v. Sun Oil Co., 319 U.S. 315 (1943) and New Orleans Pub. Serv., Inc. v. Council of New Orleans (NOPSI), 491 U.S. 350 (1989).

### TWENTY-FIRST DEFENSE

Plaintiffs have failed to join indispensable parties.

### TWENTY-SECOND DEFENSE

Plaintiffs may not enforce the NHRA through a suit under 42 U.S.C. § 1983.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

## TWENTY-FOURTH DEFENSE

This action may not be maintained as a class action under Fed. R. Civ. P. 23.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, at least in part, by the doctrine of laches.

## TWENTY-SIXTH DEFENSE

Plaintiffs' ADA claims are barred, in whole or in part, by the necessity exception to Title II of the ADA.

## TWENTY-SEVENTH DEFENSE

Plaintiffs failed to exhaust administrative remedies.


Defendants reserve the right to amend this list of defenses as necessary and allowed under the federal rules of procedure.

WHEREFORE, Defendants respectfully requests that this honorable Court dismiss the complaint and enter judgment for Defendants.

Respectfully submitted,

John H. Lynch, Governor, Nicholas A. Toumpas,
Commissioner, Nancy L. Rollins, Associate
Commissioner, Mary Ann Cooney, Deputy
Commissioner and Erik G. Riera, Administrator


By their attorney,

SHEEHAN PHINNEY BASS + GREEN,
PROFESSIONAL ASSOCIATION,
SPECIAL COUNSEL TO THE
ATTORNEY GENERAL'S OFFICE

Date:   April 17, 2012          /s/ John-Mark Turner_____
                                John-Mark Turner, Bar No. 15610
                                James Q. Shirley, Bar No. 2332
                                David W. McGrath, Bar No. 9347
                                Brian D. Thomas, Bar No. 17764
                                1000 Elm Street, P.O. Box 3701
                                Manchester, NH 03105
                                Telephone:  (603) 668-0300
                                Email:  jshirley@sheehan.com
                                        dmcgrath@sheehan.com


                                Anne M. Edwards, Bar No. 6826
                                Associate Attorney General
                                Rebecca L Woodard, Bar No. 17176
                                Assistant Attorney General
                                New Hampshire Attorney General's Office
                                33 Capitol Street
                                Concord, New Hampshire 03301-6397
                                Telephone: (603) 271-3650
                                Email:  anne.edwards@doj.nh.gov
                                        Rebecca.woodward@doj.nh.gov


## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2012 I electronically filed the foregoing with the Clerk
of the Court using the CM/ECF system, which sent notification of such filing to the following:

31

Amy Beth Messer
Disabilities Rights Center, Inc.
18 Low Avenue
Concord, NH  03301-4971

Ira A. Burnim
Judge David L. Bazelon Center
For Mental Health Law
1101 Fifteenth Street, NW
Washington, DC  20005

Jennifer Mathis
Judge David L. Bazelon Center
For Mental Health Law
1101 Fifteenth Street, NW
Washington, DC  20005

Kathryn L. Rucker
Center for Public Representation
246 Walnut Street
Newton, MA  02460

Steven J. Schwartz
Center for Public Representation
22 Greet Street
Northampton, MA  01060

Aaron Jesse Ginsberg
Disabilities Rights Center, Inc.
18 Low Avenue
Concord, NH  03301-4971

Catharine A. Mallinson
Disabilities Rights Center, Inc.
18 Low Avenue
Concord, NH  03301-4971

Deena S. Fox
950 Pennsylvania Avenue, NW
PHB Room 5027B
Washington, DC  20530

Daniel E. Will
Elaine M. Michaud
Joshua M. Wyatt
Kristen Renae Blanchette
Devine Millimet & Branch PA
111 Amherst Street
Manchester, NH  03101

Richard J. Farano
US Department of Justice (Civil Rights Division)
950 Pennsylvania Avenue, NW
PHB – Room 5020
Washington, DC  20530

Anne M. Edwards
NH Attorney General's Office (DOJ)
Department of Justice
33 Capitol St
Concord, NH 03301

Rebecca L. Woodard
NH Attorney General's Office (Civil)
Civil Bureau
33 Capitol St
Concord, NH  03301-6397

   */s/ John-Mark Turner*
John-Mark Turner